PAULINE GUTT, APPELLANT, v. JOHN VENEZIA AND LOUIS SOLDI, RESPONDENTS.

Submitted January term, 1934—Decided May 18, 1934.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *Joseph B. Schwartz.*

For the respondent, *Alfred D. Antonio.*

PER CURIAM.

The action in this case was brought by a landlord to recover treble damages for a rescous of distrained goods under section 10 of the act "Concerning Distraints" (2 *Comp. Stat., p.* 1942), which reads as follows:

"That if any pound breach or rescous shall be made of any goods, chattels or other things distrained for rent and impounded or otherwise secured by virtue of this act, the person or persons aggrieved thereby shall in special action upon the case for the wrong thereby sustained, recover his, her or their treble damages and costs of suit against the offender or offenders or any of them, in any such rescous or pound breach, or against the owner of the goods distrained in case the same be afterwards found to have come into his or her use or possession."

There was judgment for the plaintiff in the District Court for nominal damages of six cents. Plaintiff appeals, claiming that there should have been damages awarded in treble the amount of the rent due.

Plaintiff, the owner and landlord of premises in Perth

Amboy, distrained the goods of the tenants and left them on the premises. The tenants, having been advised of the distraint, nevertheless proceeded to carry the goods away. The present action resulted.

Without proving the value of the goods the plaintiff rested, and so likewise did the defendants. Plaintiff moved for judgment for three times the amount of the rent accrued ($175) with waiver of the excess over a total of $500. The defendants moved a judgment for nominal damages of six cents in favor of the plaintiff and their motion was granted.

It is difficult to see on what theory the appellant can justify a claim that the rent due is the basis of recovery. By the act the landlord is given a special action on the case for the wrong sustained and the right to recover therein treble damages. Appellant cites the cases of *Newell* v. *Clark,* 46 *N. J. L.* 363, and *Van Horne* v. *Brown,* 85 *N. J. L.* 544; 89 *Atl. Rep.* 994, to sutsain her contention. These cases we think support the contrary view. Newell *v.* Clark resolved itself into a suit for interference with a levy rather than a rescous, and the court sustained a judgment for single damages on a case certified from the Circuit, remarking incidentally that the proof was that the goods distrained were of a value equal to the rent.

In Van Horne *v.* Brown there was a judgment for the defendant in an action for pound breach or rescous, and there was proof of such breach, but no proof of the value of the goods carried away. Judgment for the defendant was reversed on the ground that the plaintiff was entitled to nominal damages, the court indicating that the damages of the plaintiffs were what they might have realized out of their distress, which was wrongfully interrupted by the defendants' tortious act.

In both cases it is quite apparent, as obviously it must be, that the damage was the loss which the plaintiff sustained by reason of the taking of the goods after distraint, and this must be their value, the statute giving as a remedy to the plaintiff and a punishment to the defendant treble that amount.

So here the plaintiff was entitled to recover the loss occasioned by the withdrawal of the goods—their value (trebled by the act). Inasmuch as there was no proof of value the plaintiff could recover nothing but nominal damages. *Van Horne* v. *Brown, supra.*

The judgment is affirmed, with costs.